IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDUWIGES ZAMBRANO,

    Plaintiff,

vs.

CELLCO PARTNERSHIP, dba VERIZON WIRELESS, BRIAN PEARSON, ALBERT SALAZAR, and DOES 1 TO 40,

    Defendants.

No. CIV S-11-507 KJM KJN

ORDER

/

        On February 23, 2011, defendants Pearson and Salazar filed a motion to dismiss. Plaintiff did not file an opposition or statement of non opposition, as required by Local Rule 230(c). The court vacated the hearing date and submitted the motion on the papers. Local Rule 230(g).

        The underlying complaint was filed in Sacramento County Superior Court, alleging that defendant Cellco and defendants Pearson and Salazar, Cellco supervisors and managers, refused to accommodate plaintiff's request to return to a less stressful position within Cellco after she became pregnant, and ultimately fired her. Plaintiff asserts causes of action under California's Fair Employment and Housing Act (FEHA), Cal. Gov't Code §§ 12920 and 12940, *et seq.*; failure to provide a reasonable accommodation for her pregnancy under the

1  FEHA, Cal. Gov't Code § 12945(c)(1)[1]; and wrongful termination in violation of public policy
2  against defendant Cellco only.  Compl. (ECF No. 1-1) at 1-8.

3        Defendants removed the action to this court on February 23, 2011, identifying
4  Cellco as a Delaware corporation with headquarters in New Jersey and invoking this court's
5  diversity jurisdiction.  ECF No. 1 at 2-3.  They argue that defendants Pearson and Salazar are
6  fraudulently joined, as there is no colorable claim for relief against them, and thus their presence
7  does not defeat diversity.  As noted below, this position is correct.

8        In *Reno v. Baird*, 18 Cal.4th 640, 643, 663-64 (1998), the California Supreme
9  Court held that "the FEHA, like similar federal statutes, allows persons to sue and hold liable
10 their employers, but not individuals.  Our conclusion also applies to common law actions for
11 wrongful discharge."  Thus, supervisors or managers are not proper defendants in suits based on
12 employment discrimination.

13       The individual defendants rely solely on *Reno* as substantive support for their
14 motion to dismiss.  They have not cited any authority applying *Reno* to failure-to-accommodate
15 claims, but argue generally that it covers the second cause of action as well.  In *Ball v. Los Rios*
16 *Community College*, 2007 WL 1791689, at *2 (E.D. Cal. 2007), the district court found that
17 *Reno* controlled claims that an employer failed to accommodate an employee's disability; it
18 reached this result by examining the language of California Government Code § 12940(m) and
19 (n), which are limited to employers, and comparing them to the similarly limited provisions
20 relied upon by the court in *Reno*.

21       In this case, as well, the operative provision requiring accommodation for
22 pregnancy provides that it shall be generally unlawful "[f]or an employer to refuse to provide
23 reasonable accommodation for an employee with conditions related to pregnancy . . . if she so

24

---

25    [1] Plaintiff cites California Government Code § 12945(c)(1).  The statute was amended, effective January 1, 2005; the provisions concerning accommodation for pregnancy are now in
26 subsection (b)(1).

1 requests, with the advice of her health care provider." Cal. Gov't Code § 12945(b)(1).  And, as
2 in *Reno*, an employer is "any person regularly employing five or more persons . . . ."  Cal. Gov't
3 Code § 12926(d); *Reno*, 18 Cal. 4th at 644-45.  Based on these authorities, the court finds that a
4 failure to accommodate claim under California Government Code § 12945(b)(1) may not be
5 maintained against an individual.  Because plaintiff has no viable causes of action against the
6 individual defendants, the court will not grant her leave to amend.  *See Manzarek v. St. Paul Fire*
7 *& Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (dismissal without leave to amend
8 proper when complaint cannot be saved by amendment).

9       IT IS THEREFORE ORDERED that defendants' motion to dismiss (ECF No. 5)
10 is granted and defendants Pearson and Salazar are dismissed from this action.

11 DATED:  May 4, 2011.

_____
UNITED STATES DISTRICT JUDGE

2

zamb0507.mtd

3